Judge Owsley
delivered the Opinion of the Court.
In November, 1821, A. B. S. Inlow was appointed by the county court of Bourbon, guardian for Greenberry Thomas, an infant under the age of twenty one years, and thereupon the said Inlow, together with Samuel Thomas and William Duncan, his sureties, entered into bond to the Commonwealth, in the penalty of twenty-five hundred dollars, conditioned to well and truly pay and deliver unto the said Greenberry Thomas, all such, estate as now is, or shall hereafter be, due from him to the said Greenberry, when he shall attain to lawful age to demand the same, or when thereto required by the justices of the county court of Bourbon for the time being, and also deliver overto his successor all the estate of the said Greenberry, in his hands, when thereto required by his successor, or the justices of the county court aforesaid &c.
Some time subsequent to this, the county court made an order removing Inlow as guardian, and appointing Joseph Thomas guardian for Greenberry Thomas, and at the same time ordered Inlow to deliver over the estate of Greenberry, held by him, to Joseph Thomas. The order of the county court, directing the property of the ward to be delivered over to Thomas, was not, however, obeyed by Inlow, and this suit was then brought by Thomas, as the next friend and guardian of his ward Greenberry, in the name of the Commonwealth, against Inlow and his sureties on the bond.
Declaration.
Plea.
Verdict and judgment fot plaintiff.
Statement of the case presented by the evidence oi). the trial.
The declaration is in, the usual form, and after setting; out the condition of the bond, alleges breaches in the failure and refusal of inlow to pay and deliver over the estate in his hands, of Greenberry, to Joseph Thomas the present guardian, as directed by the order of the county court of Bourbon &c.
The plea of Inlow alleges performance of the conditions of the bond, and á jury was called to try the issue joined thereom
A verdict was found for the plaintiff in the circuit court, and judgment rendered thereon against In-low &c.
To reverse that judgment Inlow Sic, have prosecuted this writ of error.
The case turns upon points of law, growing Out of instructions given and refused by the court below, in the progress of the trial in that courts We shall, therefore, without giving a particular detail of all the evidence introduced on the trial, content ourselves with stating the prominent facts which the evidence conduced to prove, and out of which the questions of law decided by the court arose.
It appears, that some short time before the appointment of Inlow as guardian, by the county court of Bourbon, for Greenberry Thomas, a verbal lease was made by Eli R. Thomas, the father of Greenberry, of a tract of land then in said E. R. Thomas’ possession, to Inlow, for the term of two years, at an annual rent of-, to be paid by Inlow to said Eli R. Thomas, and that in pursuance of the lease, Inlow entered upon the land and enjoyed the possession thereof for several years thereafter. That about the date of the lease and before the appointment of Inlow as guardian, E. R. Thomas also, in consideration of the natural love and affection he had for his son Greenberry, and in consideration of one dollar, by him acknowledged to be paid, executed to his son Greenberry, a bill of sale for all his estate of every sort and description whatever, and had the same recorded in the clerk’s office of the Bourbon county court. At *74 the time of giving this bill of sale, E. R. Thomas had in his possession several slaves, horses and other chattels, most of which, if not all, afterwards came to the possession of Inlow, and part of which is now held by him. Prior, however, to the, date of the bill of sale to Greenberry, and in the year 1815, the said Eli R. Thomas appears to have executed another bill of sale for most of the same property, to his'two sons, Buckley and Greenberry; but the bill of sale so executed, was not delivered by him to his sons, nor was the property therein mentioned, actually delivered into their possession, but it is in proof, that upon executing the bill of salé to them, it was handed by him to another person, with directions for it to be carried to the clerk of the Bourbon county court to be recorded, and that in obedience to his command, the deed was actually delivered to the clerk to be recorded. It was not, however, in fact recorded. But it remained with1 the clerk until, some time thereafter, E. R. Thomas withdrew it, carried it to Louisiana, and there caused suit to be brought in the name of his sons, Buckley and Greenberry, the grantees named in the bill of sale, to recover some of the slaves described in the deed. It appears, moreover, that about the same time, Inlow was appointed guardian for Green-berry, and probably at the same court, he was also appointed guardian for Buckley Thomas, so that whilst the property was possessed by him, he was guardian to both Buckley and Greenberry. Other facts were also proved, but none that can have any influence upon the main question of law decided by the court below.
Deed of gift delivered to another for the donee, held valid.
Upon the facts, as we have in substance stated them, the court was of opinion that notwithstanding the bill of' sale which was executed by Eli R. Thomas to his sons Buckley and Greenberry, jointly, the after bill of sale which was given by him to Greenberry, only confered upon Greenberry the sole and exclusive right to the property common to both bills, and instructed the jury that they must find the.value thereof for the plaintiff in that court. We have not given the language used by the court in the instructions to the jury, but we have given *75 what we understand in substance to have been decided,by that court. But assuming the facts to be as we understand the evidence to conduce to prove them to be, we differ widely from that court, with respect to the conclusions of law upon the facts. The claim of Greenberry under the after bill of sale to him, is not more meritorious, either in morals or law, than is the claim of him and his brother Buckley, under the bill of sale first executed to them jointly, so that if the first bill of sale ever possessed any legal efficacy, it cannot have been overturned or destroyed by the execution of the latter one. And that as between the parties thereto, the first bill of sale was binding, and passed the property therein described, we apprehend, there is no reasonable ground to doubt. To make it so, it must doubtless have been delivered by Eli R. Thomas, as his act and deed, and there is, we acknowledge, no evidence going to prove that it was in fact delivered, either to Buckley or Greenberry; but though not delivered to them, it is, nevertheless, equally operative, if delivered to any other person for them; and from the evidence in the cause, we can have no doubt but that it was so delivered to others by him. For it is not only proved to have been delivered by him into the hands of another, with directions for it to be carried to the office of the clerk to be recorded, but it is moreover proved that after withdrawing it from the clerk, he actually caused a suit to be commenced in the name of Buckley and Greenberry, to recover part of the property to which Buckley had no other right than that derived under the bill of sale; and thus by both expres-aions and actions, demonstrating as clearly as it was possible to do, a fixed determination to deliver and make the bill of sale his deed.
Delivery of the property ¡riven by the father to the sons, by bill of sale, is not necessary to pass the title as between the parties, and the grant is valid against a subsequent do-nee, without feeing recpfd-ed.
*75 The property, it is true, is not proved to have been delivered by him nor do we suppose a delivery of the property was neeessary to pass the title. A delivery of the thing intended to be granted has been decided not to be necessary to pass the title, if the bill of sale be recorded; and the rule is the same if the bill of sale be delivered, though not recorded. It is not the recording of bills of sales, but the *76 delivery of them, that gives them force and effect, as between the parties. Buckley must, therefore, be understood to have a joint right with Greenberry in all the property contained in the joint bill of sale, which was executed to them, and of course, as his guardian Inlow is bound to retain in his possession a moiety of that property, and for that moiety he cannot be bound to account, by the bond which he gave as guardian to Greenberry. It com sequently follows, that the court below erred in instructing the jury that they must find for the plaintiff the value of the property, to which we have seen Greenberry has but a joint right with Buckley.
Hanson, for plaintiffs; Talbott, for defendant.
Various other instructions were given and refused, but as they seem all to have been predicated upon the same erroneous opinion as to the exclusive right of Greenberry to the property contained in the joint bill of sale to him and Buckley; the court below will be able, upon the return of the cause to that court, to perceive, from what has been already said, how to avoid any errors which may have been committed in the course of trial.
The judgment must be reversed with cost, the cause remanded to the court below, and further proceedings there had, not inconsistent with this opinion,